28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward WINDSOR, Defendant-Appellant.
 No. 93-50543.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 27, 1994.
 
 Before: FARRIS, O'SCANNLAIN, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Windsor challenges the district court's denial of his motion to suppress evidence gathered when the police twice searched his hotel room. We affirm.
 
 
 3
 * Windsor first claims the police coerced him into consenting to the initial search. As evidence of coercion, he cites the fact that the officers came to his hotel room at 3:30 a.m., told him it was "necessary" that they look for Health and Safety Code violations, and did not tell him he could refuse to let them search until after he had let them into the room.
 
 
 4
 In general, we review motions to suppress de novo. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). However, we review the district court's factual findings for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). "Whether a person's consent to a search was voluntarily made is a question of fact which we review under the clearly erroneous standard." United States v. Oba, 978 F.2d 1123, 1129 (9th Cir.1992). In conducting our review, we view the evidence in the light most favorable to the trial judge's decision. United States v. Childs, 944 F.2d 491, 492 (9th Cir.1991).
 
 
 5
 In determining whether the officers coerced Windsor into consenting to the search, we must decide "whether a reasonable person would have felt free to decline the officers' requests or otherwise terminate the encounter." Florida v. Bostick, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389, 401 (1991). Among the factors we consider in determining whether consent is voluntary are: "(1) whether defendant was in custody; (2) whether the arresting officers have their guns drawn; (3) whether Miranda warnings have been given; (4) whether the defendant was told he has a right not to consent; and (5) whether defendant was told a search warrant could be obtained." United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988) (citations omitted). These factors do not support Windsor's coercion claim.
 
 
 6
 Furthermore, the testimony during the suppression hearing supports the district court's conclusion that Windsor voluntarily consented. Officer Lee, one of the two officers who conducted the initial search, testified that he first asked if he and his partner could enter Windsor's room and then asked if they could search the room. ER 24-26. The district court specifically credited the officer's testimony that Windsor answered "yes" to both questions. ER 141. Officer Lee further testified that he advised Windsor he did not have to allow the search and could order the officers to stop searching at any time. ER 26.
 
 
 7
 We conclude the district court did not clearly err in finding the officers did not coerce Windsor into consenting to the search.
 
 II
 
 8
 Windsor next claims his consent was involuntary because the officers misrepresented the purpose of their visit. When Windsor asked them what they were looking for, the officers told him they were looking for Health and Safety Code violations. ER 23. Contrary to Windsor's assertions, this answer was neither trickery nor a ruse because the California Health and Safety Code contains the state's drug laws. As the district court concluded, the officers' response "is the opposite of trickery and ruse. They were in fact stating the accurate and truthful statement of their purpose." ER 141. Furthermore, the district court found "[t]he evidence is overwhelming that Mr. Windsor and Ms. Montgomery knew exactly why the police were there, and Mr. Windsor gave consent because he thought--by his own testimony--that this drug paraphernalia could be hidden before the officers conducted their search." ER 142.
 
 
 9
 We conclude the district court's finding is not clearly erroneous. Windsor consented voluntarily to the search.
 
 III
 
 10
 Windsor argues that even if the district court found he consented to the search, it should have concluded that the briefcase, in which the police found bags of methamphetamine, was beyond the scope of the search to which he consented. Because he did not make this argument in district court, we review only for plain error. United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 11
 In Florida v. Jimeno, the Supreme Court held that the police do not violate a suspect's Fourth Amendment rights when, "after [the suspect] gives a police officer permission to search his automobile, the officer opens a closed container found within the car that might reasonably hold the object of the search." 111 S.Ct. 1801, 1803, 114 L.Ed.2d 297, 301 (1991). Because the officers searching Windsor's room were looking for drugs, because Windsor knew drugs were the object of the search, and because the briefcase could reasonably hold drugs, it was not plain error to conclude that the briefcase was within the scope of the consensual search.
 
 IV
 
 12
 Windsor argues that even if the initial search was legitimate, the subsequent search conducted the following day violated his Fourth Amendment rights because the police obtained neither a search warrant nor his consent. The district court concluded Windsor lacked standing to object to the second search because it took place after his rental period for the hotel room had elapsed. ER 142.
 
 
 13
 "To establish standing, appellant must establish that he had a possessory interest in the hotel room sufficient to support a reasonable expectation of privacy." United States v. Haddad, 558 F.2d 968, 975 (9th Cir.1977). "A guest in a motel has no reasonable expectation of privacy in a room after the rental period has expired." United States v. Huffhines, 967 F.2d 314, 318 (9th Cir.1992). Because his rental period had expired when the police searched the hotel room the second time, the district court correctly ruled Windsor did not have standing to challenge the search.
 
 
 14
 The district court's denial of Windsor's motion to suppress is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3